IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WALTER ANTHONY WEBB                                                    PETITIONER

VS.                    No. 4:22-cv-00636  KGB/PSH

DEXTER PAYNE, Director,
Arkansas Division of Correction ("ADC")                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Walter Anthony Webb ("Webb"), an inmate in the custody of the Arkansas Division of Correction (ADC), filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2254.[1] Respondent Dexter Payne ("Payne") moves to dismiss this application as successive. Webb was notified of his opportunity to oppose the

---

[1] Webb is serving a term of life imprisonment without parole following his 1995 Greene County Circuit Court convictions for two counts of capital murder. *See Webb v. State*, 327 Ark. 51 (1997).

motion to dismiss, and has responded. Docket entry no. 12.

In his response, Webb concedes that he needs permission from the Eighth Circuit Court of Appeals in order to proceed with a successive petition. He expresses confidence that the Court of Appeals will grant permission, and asks for a continuance in this case pending the expected approval.

Webb, represented by counsel, filed his first federal habeas corpus case in 2000. *See Webb v. Norris*, No. 5:00-cv-361. He challenged his convictions for capital murder, alleging two instances of ineffective assistance of his trial attorney. The petition was dismissed and judgment entered in April 2001. No appeal was taken.

Webb filed the instant petition in July 2022, alleging seven grounds for relief. 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application." (Emphasis added). The statutory language is clear that permission must be received before the filing of the successive petition with the district court. *Burton v. Stewart*, 549 U.S. 147 (2007). "The long and short of it is that Burton neither sought nor received authorization from the Court of Appeals before filing his" successive petition, and the District Court was therefore without jurisdiction to entertain it. *Id.* at 157. Despite Webb's optimism for a favorable result, the requirement remains that he must first receive permission from the Eighth Circuit and then file his petition with this Court. As a result, his request for a continuance is

denied.

Given Webb's admitted failure to obtain the requisite permission from the Eighth Circuit Court of Appeals, the Court recommends that Payne's motion to dismiss (docket entry no. 7) be granted and the petition be dismissed without prejudice pending an order from the Eighth Circuit Court of Appeals containing authorization for filing.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends that the certificate of appealability be denied.

IT IS SO ORDERED this 13th day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE